JOHN F. THOMAS ET AL. *v.* BENJAMIN B. WHITTAKER'S ADMR.
ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—616.]

**Release of Sureties.**

When there is litigation between A and B as to who is entitled to
receive the proceeds of an insurance policy, the company pays the
money into court, under direction of the court the money is loaned
to A, C and D become his sureties, and by the judgment of the
circuit court A is adjudged to be the owner of the money and the
sureties are declared released, but on appeal the judgment is re-
versed, the sureties are not released; and when as a result of a sec-
ond trial the fund is adjudged to belong to B, the sureties are liable
to B if A fails to account to B for the money.

APPEAL FROM McLEAN CIRCUIT COURT.

January 6, 1883.

OPINION BY JUDGE PRYOR:

Pending a litigation between the appellee and one Howard as to which of the two was entitled to the benefit of an insurance policy the money was paid into court by the company, and an order made directing the receiver to loan it out and take bond with surety for its payment. The receiver loaned the money to Howard (the plaintiff) with the appellants as his sureties. The court below, upon a hearing of the case, adjudged that Howard was the beneficiary of the policy, entering a judgment to that effect, and also by that judgment canceling the bond upon which the sureties were bound. From that judgment Mrs. Whittaker appealed and this court reversed the judgment below and determined that Mrs. Whittaker was entitled to the money. The sureties resisted payment and obtained an injunction to prevent the collection of the money upon the ground that the bond was in terms canceled by the court below and that they were released from all liability. It is not pretended by the sureties that the bond was canceled in any other manner or for any other reason than that the money belonged to the principal obligator for whom they were bound; but because the judgment recites that the "bond is canceled" and ordered to be delivered up, they maintain that it must remain canceled because they were not heard on the appeal. If they were *quasi* parties to the action by the reason merely of having given the bond they were also *quasi* parties to the appeal; and as the only satisfaction insisted on is that the adjudication by the court below giving the money to their principal, we can not well see how they are to avoid liability.

The judgment giving the money to Howard and canceling the bond was the judgment appealed from, and this court determined that the judgment was erroneous and gave the money to the appellants on that appeal. The judgment below, having been reversed, was a nullity. The sureties were not necessary parties to the appeal, and if the judgment had been in favor of Howard without reference to the bond its effect would have been to cancel it, or its collection could not have been enforced until the judgment was reversed or set aside. It is conceded in argument and shown by the facts that the only way the bond was canceled or satisfied was from the language used in the judgment rendered. The sureties we think were properly made liable. The complaint that there

was no injunction and that damages should not have been awarded is equally untenable. The order of injunction was indorsed on the summons, bond executed, and the appellants are now here insisting that the court below erred in dissolving it.

The judgment below is *affirmed*.

*Chas. Eaves, Williams & Powers, L. W. Gates, for appellants.*

*W. N. Sweeney, for appellees.*